UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL J. BERNSTEIN,

*Plaintiff,*

v.

NATIONAL INSTITUTE OF STANDARDS
AND TECHNOLOGY et al.,

*Defendants.*

Civil Action No. 22-2319 (DLF)

## **ANSWER**

Defendants National Institute of Standards and Technology ("the Institute") and U.S. Department of Commerce ("the Department") (collectively "Defendants"), by and through undersigned counsel, responds as follows to the separately numbered paragraphs and prayer for relief in Plaintiff Daniel Bernstein's Complaint, ECF No. 1, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff, (b) relevant to this, or any other, action, or (c) admissible in this, or any other, action. For ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendants believe such headings require no response, to the extent a response is deemed required and those headings and titles could be construed to contain factual allegations, those allegations are denied.

1.      This paragraph consists of Plaintiff's characterization of this action, which requires

no response.

## PARTIES

2.      Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.      Defendants admit that the Institute is a federal agency. Plaintiff's allegation that the Institute is subject to FOIA is a legal conclusion that requires no response.

4.      Defendants admit that the Department is a federal department and that the Institute is a component of the Department. Plaintiff's allegation that the Department is subject to FOIA is a legal conclusion that requires no response.

## JURISDICTION AND VENUE

5.      This paragraph consists of legal conclusions, which require no response.

6.      This paragraph consists of legal conclusions, which require no response.

## STATEMENT OF FACTS

7.      The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response. To the extent a response is required, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.      The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response.

9.      The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response. To the extent a response is required, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response. To the extent a response is required, this paragraph purports to characterize a white paper, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the white paper.

11.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response.

12.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response.

13.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response. To the extent a response is required, this paragraph purports to characterize a publication in the Federal Register, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the publication.

14.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response. To the extent a response is required, this paragraph purports to characterize a report, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the report.

15.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response. To the extent a response is required, this paragraph purports to characterize a report, which is the best evidence of its contents, and to which

Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the report.

16.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response. To the extent a response is required, this paragraph purports to characterize a report, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the report.

17.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response.

18.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response.

19.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response..

20.     The allegations in this paragraph are not relevant to the resolution of the claims at issue in this FOIA action, and thus require no response.

**THE FOIA REQUEST "NSA, NIST, AND POST-QUANTUM CRYPOTGRAPHY"**

21.     This paragraph purports to characterize Plaintiff's FOIA request, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the FOIA request.

22.     This paragraph purports to characterize Plaintiff's FOIA request, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and

accurate statement of its contents. Defendants deny any allegations inconsistent with the FOIA request.

23.     This paragraph purports to characterize Plaintiff's FOIA request, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the FOIA request.

24.     This paragraph purports to characterize a correspondence from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the correspondence.

25.     This paragraph purports to characterize a correspondence from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the correspondence.

26.     This paragraph purports to characterize a correspondence from Plaintiff to the Institute, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the correspondence.

27.     This paragraph purports to characterize a correspondence from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the correspondence.

28.     This paragraph purports to characterize a correspondence from Plaintiff to the Institute, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the correspondence.

29.     This paragraph purports to characterize a correspondence from Plaintiff to the Institute, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the correspondence.

30.     This paragraph purports to characterize a correspondence from Plaintiff to the Institute, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the correspondence.

31.     This paragraph purports to characterize a correspondence from the Institute to Plaintiff, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants deny any allegations inconsistent with the correspondence.

32.     Admitted.

33.     This paragraph consists of legal conclusions, which require no response.

## COUNT I – DEFENDANTS' FOIA VIOLATION:
## FAILURE TO ISSUE A DETERMINATION LETTER

34.     Defendants reallege and incorporate their responses to Paragraphs 1 through 33 as if set forth fully herein.

35.     This paragraph consists of legal conclusions, which require no response.

36.     Defendants admit that the Institute is a component of the Department. Plaintiff's allegation that the Institute is subject to FOIA is a legal conclusion that requires no response.

37.     This paragraph consists of legal conclusions, which require no response.

38.     This paragraph consists of legal conclusions, which require no response.

**COUNT II – DEFENDANTS' FOIA VIOLATION:**
**FAILURE TO CONDUCT A REASONABLE SEARCH**

39.     Defendants reallege and incorporate their responses to Paragraphs 1 through 38 as if set forth fully herein.

40.     This paragraph consists of legal conclusions, which require no response.

41.     Defendants admit that the Institute is a component of the Department. Plaintiff's allegation that the Institute is subject to FOIA is a legal conclusion that requires no response.

42.     This paragraph consists of legal conclusions, which require no response.

**COUNT III – DEFENDANTS' FOIA VIOLATION:**
**FAILURE TO PRODUCE RECORDS**

43.     Defendants reallege and incorporate their responses to Paragraphs 1 through 42 as if set forth fully herein.

44.     This paragraph consists of legal conclusions, which require no response.

45.     Defendants admit that the Institute is a component of the Department. Plaintiff's allegation that the Institute is subject to FOIA is a legal conclusion that requires no response.

46.     This paragraph consists of legal conclusions, which require no response.

47.     This paragraph consists of legal conclusions, which require no response.

The remaining paragraph and sub-paragraphs consist of Plaintiff's prayer for relief, which require no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

* * *

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

<u>First Defense</u>

Plaintiff's FOIA request fails to reasonable describe the records sought.

<u>Second Defense</u>

Defendants conducted an adequate search for records responsive to Plaintiff's FOIA request.

<u>Third Defense</u>

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions the release of which foreseeably would harm an interest that the exemption protects, or protected from disclosure by one or more applicable FOIA exclusions.

<u>Fourth Defense</u>

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

* * *

Dated: September 21, 2022             Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      D.C. Bar No. 481052
                                      United States Attorney

                                      BRIAN P. HUDAK
                                      Chief, Civil Division

                                      <u>/s/ Bradley G. Silverman</u>

BRADLEY G. SILVERMAN
Assistant United States Attorney
DC Bar #1531664
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

*Counsel for Defendants*